UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUAN GALLARDO,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | | No. 5:23-CV-00269-H |

**OPINION AND ORDER**

Petitioner Juan Gallardo, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and life sentence out of Lubbock County for murder. Dkt. No. 1. Respondent filed an answer with copies of Petitioner's relevant state-court records. Dkt. Nos. 9, 10, 11. Petitioner did not file a reply. As explained below, the Court finds that Petitioner has failed to overcome the difficult, deferential standard of 28 U.S.C. § 2254(d), and the petition is without merit. Thus, the petition must be denied and dismissed with prejudice.

## 1. Background

Petitioner challenges his state-court conviction and prison sentence out of the 137th District Court of Lubbock County, Texas. In cause number 2017-411,874, styled *State of Texas v. Juan Gallardo*, Petitioner was charged by indictment with murder. Dkt. No. 11-25 at 7. Petitioner pled not guilty, but a jury found him guilty, and the trial court sentenced him to 60 years in prison. *Id.* at 25–27. The trial court rendered judgment on December 9, 2019. *Id.*

### A. Facts

Respondent provided the state appellate court's detailed summary of the facts of this case, and the Court finds it unnecessary to fully repeat it here. *See* Dkt. No. 9 at 5–7. But the Court finds a shortened summary would be helpful for the purpose of this order. Petitioner called 9-1-1 to report that he had shot his girlfriend Yvette Ellis, with whom he lived. Upon arrival, the emergency medical team determined that she was dead, and Petitioner was arrested. Petitioner told a detective that he had been in the kitchen and wanted to commit suicide using a gun, which went off during a struggle with Ellis. But later, an autopsy revealed that Ellis was probably on her knees and that the bullet passed from the back of her head or neck, and then out of her face and through her legs. Ellis's son, Z.E., testified that it was Ellis who initially had the gun, but Petitioner snatched it from her hand and held an arm around Ellis's neck while his other hand held the gun near her head. Z.E. also testified that Petitioner ordered him to go to his room, but he "peeked" into the kitchen and saw Petitioner's finger by the gun trigger. And after he went to his bedroom, Z.E. testified that he heard "a big boom" when the gun went off. *See id.*

### B. Procedural History

Petitioner appealed, but the Seventh Court of Appeals affirmed his conviction. Dkt. No. 11-25 at 30–38; *Gallardo v. State*, No. 07-20-00011-CR, 2021 WL 3478693 (Tex. App. Amarillo Aug. 2, 2021). Petitioner filed a state application for habeas corpus seeking leave to file an out-of-time petition for discretionary review (PDR), which was granted by the Texas Court of Criminal Appeals (TCCA). *Ex Parte Gallardo*, WR-93,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 WL 1666070 (Tex. Crim. App. May 25, 2022). But Petitioner failed to file his PDR within the permitted time, and by July 22, 2022,

Petitioner was informed that no action would be taken on his untimely petition.

Dkt. No. 10-2 at 2

Petitioner then filed a second state habeas application, raising the same ineffective assistance of counsel grounds raised in the instant federal petition. *See* Dkt. No. 10-4 at 7–25. The TCCA remanded the writ back to the trial court for additional evidence or findings on Petitioner's claims. In response, the trial court obtained affidavits from both appellate counsel, Jesse Mendez, and trial counsel, Kimberly Brown. Dkt. No. 11-25 at 64–65; 66–67. Mendez filed his response. Dkt. Nos. 10-4 at 35–38 29–33; 11-25 at 74–113. And Brown filed her response. Dkt. Nos. 10-4 at 29–33; 11-25 at 68–72. Based on counsel's affidavits, the trial court determined that neither attorney's performance was deficient, so it recommended that the TCCA deny the application. Dkt. No. 10-4 at 56–71. The TCCA ultimately denied Petitioner's state habeas application without written order on the findings of the trial court and on the court's independent review of the record. *Id.* at 72.

Petitioner timely filed his federal petition on October 27, 2023[1] and raised the following grounds for relief:

1. He was denied effective assistance of counsel on appeal when his attorney failed to appeal the trial court's denial of his motion to suppress statements he made to police.

2. He was denied effective assistance of trial counsel when his attorney failed to raise the affirmative defense at punishment that Petitioner was under the "immediate influence of sudden passion."

3. He was denied effective assistance of trial counsel when his attorney failed to request a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure regarding whether Petitioner invoked his right to counsel during the police interrogation and whether those statements were made in violation of his right to counsel.

[1] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (Providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

4. He was denied effective assistance of trial counsel when his attorney failed to introduce cellphone video of the victim and Petitioner engaged in rough sex, where the victim asked Petitioner to choke her.

5. He was denied effective assistance of trial counsel when his attorney failed to object to the State's admission of cumulative and overwhelming extraneous offense evidence that was inadmissible under Texas Rules of Evidence 404 and 403.

6. He was denied effective assistance of trial counsel when his attorney failed to object to Petitioner being shackled during trial proceedings.

7. He received ineffective assistance of trial counsel when his attorney failed to preserve error in violation of his right to confront his accusers by not objecting to the hearsay testimony of Medical Examiner Tasha Greenberg.

8. He was denied a fair trial as a result of the cumulative effect of trial counsel's numerous errors.

9. He was denied effective assistance of counsel on appeal when his attorney failed to raise trial counsel's failure to include the jury instruction under Article 38.23 and failure to object to the State's admission of extraneous offenses.

*See* Dkt. No. 1.

Respondent contends that Petitioner's claims are all without merit and fail to overcome the deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Dkt. No. 9. Respondent argues that the TCCA reasonably concluded that Petitioner's attorneys were not ineffective, because Petitioner has not shown deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thus, Respondent asserts that the petition should be dismissed with prejudice.

**2. Legal Standard**

Section 2254 provides federal courts with a limited, but important opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). This statute, as amended by AEDPA, creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the

benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

The basic structure of the federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Richter*, 562 U.S. at 103. First, the statute requires that a habeas petitioner exhaust his claims in state court. 28 U.S.C. § 2254(b). If the state court dismisses the claim on procedural grounds, then the claim is barred from federal review unless the petitioner shows cause and prejudice. *Richter*, 562 U.S. at 103. And if the state court denies the claim on the merits, then AEDPA's relitigation bar applies. *Lucio v. Lumpkin*, 987 F.3d 451, 464–65 (5th Cir. 2021).

### A. AEDPA's Relitigation Bar

Once a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713. A decision constitutes an unreasonable application of clearly established

federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

State courts need not provide reasons for their decisions, and even summary denials of relief are entitled to substantial deference. *Richter*, 562 U.S. at 100–01. Of course, when the state high court "explains its decision on the merits in a reasoned opinion," then the federal court's review is straightforward—it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But when reviewing a summary denial, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* If the lower court's rationale is reasonable, the federal court must "presume that the unexplained decision adopted the same reasoning." *Id.* This presumption may be rebutted, however, by evidence that the summary decision "relied or most likely did rely on different grounds." *Id.* at 125–26. And when the lower state court

decision is unreasonable, then it is more likely that the state high court's single-word decision rests on alternative grounds. *Id.* at 132.

In short, a reviewing court cannot "overlook[] arguments that would otherwise justify the state court's result." *Richter*, 562 U.S. at 102. A federal habeas court "must determine what arguments or theories supported, or . . . could have supported, the state court's decision" before considering "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Id.* "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must

show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny . . . relief was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

**B. Ineffective Assistance of Counsel**

The well-known standard applicable to ineffective-assistance-of-counsel claims is explained in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious that the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.

A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally

unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

In the context of § 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, if a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697.

**3. Analysis**

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state-court records, and the applicable law. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). As explained below and based on the facts and law set forth in Respondent's answer, the Court denies Petitioner's claims because he has not overcome AEDPA's relitigation bar.

Petitioner raised each of his claims in his second state habeas proceeding, and the TCCA considered and rejected them on the merits.[2] The TCCA's denial is entitled to substantial deference. *Richter*, 562 U.S. at 100–01. And as thoroughly explained by Respondent, Petitioner has not met the demanding standard for overcoming that deference.[3] The record does not reflect that Petitioner's trial or appellate attorney's performance was deficient or that Petitioner was prejudiced as a result. Thus, the state court reasonably concluded that Petitioner failed to demonstrate that he received ineffective assistance of counsel at trial or on appeal. Simply put, Petitioner has failed to show that the state court's ruling on his claims was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *See id.* at 102.

Petitioner has failed to show that the state court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. § 2254(d). Thus, he is not entitled to federal habeas relief.

**4. Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court denies the petition and dismisses this civil action with prejudice.

---

[2] Under Texas law, denial of a habeas petition, rather than a dismissal, signifies that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

[3] Respondent has adequately addressed each of Petitioner's grounds, and the Court need not repeat its arguments. *See* Dkt. No. 9 at 14–27.

Additionally, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a result, the Court denies any request for a certificate of appealability.

So ordered.

The Court will enter judgment accordingly.

Dated October 29, 2026.

JAMES WESLEY HENDRIX
United States District Judge